IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL EZZARD JONES, | : |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 5:15-CV-289-LJA-MSH |
| Medical Director TAYLOR, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 15) and Plaintiff's motion for subpoena duces tecum (ECF No. 19). Plaintiff's motion is denied. For the reasons explained below, it is recommended that Defendants' motion be granted.

## BACKGROUND

Plaintiff's claims arise out of his incarceration at Washington State Prison in Davisboro, Georgia. Plaintiff alleges that he suffers from chronic back pain and brings this § 1983 action asserting deliberate indifference to serious medical need claims against Defendants. Plaintiff states that he was diagnosed with two deteriorated discs in his lower back sometime between 2006 and 2007 and was prescribed a narcotic medication for pain. Compl. 5, ECF No. 1. Plaintiff's incarceration began in 2010, and Plaintiff asserts that he was given pain medication and a "low bunk profile" at the first prisons in which he was housed. Plaintiff was transferred to Washington State Prison in August 2011. *Id.* at 8. During his intake assessment, Plaintiff was provided with a "low bunk

profile" and all previous medications. *Id.* On August 30, 2012, Plaintiff was advised that his pain medications and low bunk profile recommendation had expired. *Id.*

On September 12, 2012, Plaintiff was seen by Defendant Nurse Snyder. *Id.* at 9. Plaintiff requested that his medications be renewed, but he alleges that Defendant Snyder performed no examination and did not renew his medications or "profiles." *Id.* Plaintiff states that he was then treated by Defendant Nurse Ramsey on September 20, 2012. Defendant Ramsey also would not renew Plaintiff's medications or profiles. *Id.* Plaintiff states that Defendant Medical Director Taylor participated in Plaintiff's examination on September 20, 2012 and likewise refused to renew Plaintiff's pain medications or profiles. *Id.* at 10. On October 9, 2012, Plaintiff was taken to the medical department by his dormitory counselor and he alleges that Defendant Nurse Cummings refused to treat him and would not examine him. *Id.* at 11. Plaintiff avers that on October 22, 2012, he met with Defendant Taylor again, who refused to provide Plaintiff with treatment. *Id.* at 10-11.

Defendants filed a motion to dismiss on April 18, 2016 arguing, *inter alia*, that Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff responded (ECF No. 21) but did not address the statute of limitations. Defendants' motion is now ripe for review. Plaintiff also filed a motion for the issuance of a subpoena duces tecum (ECF No. 19) which was received by the Court on January 9, 2017. These motions are ripe for review.

## DISCUSSION

I.  **Defendants' Motion to Dismiss**

    A.    <u>Statute of Limitations</u>

Defendants move to dismiss the claims based on, *inter alia*, the applicable statute of limitations. Defs.' Br. in Supp. of Mot. to Dismiss 9-12, ECF No. 15-1. Plaintiff responded to Defendants' motion to dismiss, but did not address the statute of limitations. Because the Court finds that Plaintiff's claims are barred by the applicable statute of limitations, the Court declines to address Defendants' other arguments for dismissal.

It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). A statute of limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff's claim against Defendant Snyder accrued on September 12, 2012, when Plaintiff contends that Defendant Snyder violated his constitutional rights by refusing to renew his medication or profiles. Compl. 9. Thus, the two year period for the statute of limitations began to run on September 13, 2012, and ended on Monday, September 15,

2014. Similarly, Plaintiff's claim against Defendant Ramsey began to run on September 21, 2012 and against Defendant Cummings on October 10, 2012. Compl. 9 & 11. The two year period therefore ended on Monday, September 22, 2014 and Friday, October 10, 2014. In his Complaint, Plaintiff alleges that Defendant Taylor was deliberately indifferent on September 20, 2012 and October 22, 2012. Calculating from the latest date, the two-year statute of limitations against Defendant Taylor would have expired on Thursday, October 23, 2014.

Plaintiff signed this Complaint on July 22, 2015, and it is considered filed that day under the prison mailbox rule.[1] Plaintiff's Complaint was therefore filed well outside of the statute of limitations as to any of the allegations in his Complaint. It is thus recommended that Defendants' motion to dismiss be granted.

## II.   Plaintiff's Subpoena Duces Tecum

On January 5, 2017, Plaintiff filed a subpoena duces tecum which the Court construes as a motion. Discovery was stayed on April 19, 2016 pending resolution of Defendants' motion to dismiss. Text-only Order, April 19, 2016, ECF No. 18. Any attempts to engage in discovery are therefore premature. Furthermore, as discussed above, it is recommended that Plaintiff's Complaint be dismissed. Plaintiff's motion is thus denied.

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.*

## CONCLUSION

For the reasons explained above, Plaintiff's motion for a subpoena duces tecum (ECF No. 19) is denied, and it is recommended that Defendants' motion to dismiss (ECF No. 15) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 27th day of February, 2017.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE